DENTONS US LLP
Brian S. Cousin
Jonathan Evan Goldberg
Lauren Perlgut
1221 Avenue of the Americas
New York, New York 10021
Tel: (212) 768-6700
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMIE ARDIGO,<br><br>                        Plaintiff,<br><br>-against-<br><br>J. CHRISTOPHER CAPITAL, LLC,<br>CHRISTOPHER BURCH, and EDWARD WELSH,<br>*individually*,<br><br>                        Defendants. | Civil Action No.:<br>12-cv-3627-JMF<br><br><br>ECF Case |

**J. CHRISTOPHER CAPITAL LLC'S ANSWER TO THE AMENDED COMPLAINT**

Defendant J. Christopher Capital, LLC ( "Defendant"), through its undersigned attorneys, upon knowledge as to itself and its own acts and otherwise upon information and belief, hereby answers the Amended Complaint in the above captioned action. To the extent any allegation is not specifically admitted, it is expressly denied. No response is required to the various headings or subheadings throughout the Amended Complaint; to the extent that responses are required to the various headings or subheadings, however, all are denied.

**SPECIFIC RESPONSES TO THE PARAGRAPHS IN THE AMENDED COMPLAINT**

1.      Denies the allegations set forth in Paragraph 1 of the Amended Complaint, except admits that Plaintiff purports to bring claims for discrimination based on sexual orientation, hostile work environment, retaliation, and aiding and abetting under the New York City Human

Rights Law ("NYCHRL"), and avers that the Court has dismissed Plaintiff's claims for discrimination based on sexual orientation and a hostile work environment as all to Defendants and claims of aiding and abetting as to Christopher Burch ("Burch").

2. Denies the allegations set forth in Paragraph 2 of the Amended Complaint, except denies knowledge sufficient to form a belief as to the truth or falsity of the state of Plaintiff Jamie Ardigo's ("Ardigo") residence.

3. Denies knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of Paragraph 3 of the Amended Complaint.  The second sentence of Paragraph 3 sets forth conclusions of law as to which no response is required; to the extent a response is required, denies the allegations set forth in the second sentence of Paragraph 3.

4. Admits the allegations set forth in Paragraph 4 of the Amended Complaint.

5. Admits that Burch was the owner of J. Christopher, admits that Burch is a resident of the state of Florida, but denies that Burch is a Defendant in this action, and avers that the Court's Order of March 25, 2013 dismissed all claims against Burch.

6. Denies the allegations set forth in Paragraph 6 of the Amended Complaint, except admits that Edward Welsh ("Welsh") was formerly employed by J. Christopher as Vice President of Human Resources and admits that Welsh supervised Ardigo.

7. Denies the allegations set forth in Paragraph 7 of the Amended Complaint, and avers that this Court has dismissed Plaintiff's claims for discrimination based on sexual orientation and a hostile work environment.

8. Denies the allegations set forth in Paragraph 8 of the Amended Complaint.

9. Paragraph 9 of the Amended Complaint contains conclusions of law as to which no response is required.  To the extent a response is required, denies the allegations set forth in

Paragraph 9 except admits that Plaintiff purports to assert jurisdiction under 28 U.S.C. § 1332, admits that J. Christopher is a citizen of the state of Delaware, admits that Welsh resides in the state of Connecticut, and avers that Burch is no longer a Defendant in this Action as the Court has dismissed all claims against him.

10. Paragraph 10 of the Amended Complaint contains conclusions of law as to which no response is required. To the extent a response is required, denies the allegations set forth in Paragraph 10 except admits that Plaintiff purports to assert venue in the Southern District of New York.

11. No response is required to Paragraph 11 of the Amended Complaint.

12. Denies the allegations set forth in Paragraph 12 of the Amended Complaint, except admits that Welsh offered Ardigo a position as Director of Field Human Resources at J. Christopher on or around November 9, 2011, that Ardigo accepted the position, and that Ardigo was employed by J. Christopher.

13. Paragraph 13 of the Amended Complaint requires no response because the Court has dismissed Plaintiff's sexual orientation discrimination and hostile work environment claims. To the extent a response is required, denies the allegations set forth in Paragraph 13 of the Amended Complaint.

14. Paragraph 14 of the Amended Complaint requires no response because the Court has dismissed Plaintiff's sexual orientation discrimination and hostile work environment claims. To the extent a response is required, denies the allegations set forth in Paragraph 14 of the Amended Complaint.

15. Paragraph 15 of the Amended Complaint requires no response because the Court has dismissed Plaintiff's sexual orientation discrimination and hostile work environment claims.

To the extent a response is required, denies the allegations set forth in Paragraph 15 of the Amended Complaint.

16. Paragraph 16 of the Amended Complaint requires no response because the Court has dismissed Plaintiff's sexual orientation discrimination and hostile work environment claims. To the extent a response is required, denies the allegations set forth in Paragraph 16 of the Amended Complaint.

17. Paragraph 17 of the Amended Complaint requires no response because the Court has dismissed Plaintiff's sexual orientation discrimination and hostile work environment claims. To the extent a response is required, denies the allegations set forth in Paragraph 17 of the Amended Complaint.

18. Paragraph 18 of the Amended Complaint requires no response because the Court has dismissed Plaintiff's sexual orientation discrimination and hostile work environment claims. To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 18.

19. Paragraph 19 of the Amended Complaint requires no response because the Court has dismissed Plaintiff's sexual orientation discrimination and hostile work environment claims. To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 19.

20. Paragraph 20 of the Amended Complaint requires no response because the Court has dismissed Plaintiff's sexual orientation discrimination and hostile work environment claims. To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 20.

21. Paragraph 21 of the Amended Complaint requires no response because the Court has dismissed Plaintiff's sexual orientation discrimination and hostile work environment claims.

To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 21.

22. Paragraph 22 of the Amended Complaint requires no response because the Court has dismissed Plaintiff's sexual orientation discrimination and hostile work environment claims. To the extent a response is required, denies the allegations set forth in Paragraph 22 of the Amended Complaint.

23. Denies the allegations set forth in Paragraph 23 of the Amended Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 26, except avers that the Court has dismissed Plaintiff's hostile work environment claim.

27. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 27.

28. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 28.

29. Denies the allegations set forth in Paragraph 29 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in the second sentence of Paragraph 29.

30. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 30 of the Amended Complaint, except avers that

the Court has dismissed Plaintiff's claims for discrimination based on sexual orientation and a hostile work environment.

31.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 31 of the Amended Complaint, except admits that on or about February 7, 2012 Ardigo was terminated from J. Christopher.

32.     Denies the allegations set forth in Paragraph 32 of the Amended Complaint, and avers that the Court has dismissed Ardigo's claims of discrimination based on sexual orientation and a hostile work environment.

33.     Denies the allegations set forth in Paragraph 33 of the Amended Complaint, except admits that Ardigo was terminated or about February 7, 2012 and avers that the Court has dismissed Ardigo's claims of discrimination on the basis of sexual orientation and a hostile work environment.

33(2).[1]   Defendant incorporates and realleges its answers to Paragraphs 1 through 33 as if fully set forth herein.

34.     Denies the allegations set forth in Paragraph 34 of the Amended Complaint, and avers that the Court has dismissed Ardigo's claims of discrimination based on sexual orientation and a hostile work environment.

35.     Denies the allegations set forth in Paragraph 35 of the Amended Complaint, and avers that the Court has dismissed Ardigo's claims of discrimination based on sexual orientation and a hostile work environment.

36.     Defendant incorporates and realleges its answers to Paragraphs 1 through 35 as if fully set forth herein.

---

[1] The Amended Complaint contains non-identical two paragraphs that are numbered "33." Defendant responds here to the second such paragraph.

37. Denies the allegations set forth in Paragraph 37 of the Amended Complaint, and avers that the Court has dismissed Ardigo's claims of discrimination based on sexual orientation and a hostile work environment and avers that the Court has dismissed all claims against Burch.

38. Denies the allegations set forth in Paragraph 38 of the Amended Complaint, and avers that the Court has dismissed Ardigo's claims of discrimination based on sexual orientation and a hostile work environment and avers that the Court has dismissed all claims against Burch.

## DEFENSES

In asserting the following defenses, Defendant does not assume the burden of proof on any defenses that would otherwise rest on Plaintiff.

### FIRST DEFENSE

39. The Amended Complaint and each remaining cause of action alleged therein against Defendant fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

40. Plaintiff's claims are barred because he has not suffered any damages as a result of any actions or omissions by Defendant.

### THIRD DEFENSE

41. Plaintiff's claims are barred by the equitable doctrine of waiver.

### FOURTH DEFENSE

42. Plaintiff's claims by the equitable doctrine of estoppel.

### FIFTH DEFENSE

43. Plaintiff is not entitled to damages beyond his actual out-of-pocket loss, if any.

### SIXTH DEFENSE

44. The actions taken by Defendant with respect to Plaintiff's employment were based upon legitimate non-discriminatory and non-retaliatory reasons.

**SEVENTH DEFENSE**

45. Plaintiff's claims are barred, in whole or part, because Plaintiff has failed to pursue or exhaust his claims through administrative remedies.

**EIGHTH DEFENSE**

46. Plaintiff's claims are barred, in whole or in part, to the extent that he has failed to adequately mitigate his alleged damages.

**NINTH DEFENSE**

47. At all times relevant to this action, Plaintiff was an at-will employee, and Defendant acted lawfully and in good faith and without intent to deny the Plaintiff any rights under city, state or federal laws, although it denies the allegations of unlawful conduct as set forth in the Amended Complaint, and has reasonable grounds for believing that the acts or practices alleged in the Amended Complaint were not violative of any law.

**TENTH DEFENSE**

48. Defendant hereby reserves and assert all affirmative and other defenses available under any applicable federal or state law. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have other, as yet unstated, defenses available. Therefore, Defendant reserves the right to assert additional defenses in the event that they would be appropriate.

WHEREFORE, Defendant respectfully request that the Court:

(1) Enter judgment for it.

(2) Dismiss all the allegations and claims asserted against it in the Amended Complaint.

(3) Award it its costs and expenses incurred in defending this action.

(4) Grant it such other and further relief as the Court deems just and proper.

Dated:  April 15, 2013

    Respectfully submitted,

    _____/s/  Brian S. Cousin_____
    Brian S. Cousin
    Jonathan Evan Goldberg
    Lauren Perlgut
    Dentons US LLP
    1221 Avenue of the Americas
    New York, New York 10021
    Tel: (212) 768-6700
    Fax:  (212) 768-6800
    brian.cousin@dentons.com
    jonathan.goldberg@dentons.com
    lauren.perlgut@dentons.com

*Attorneys for Defendants*