```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __09/20/2013__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMIE ARDIGO,

        Plaintiff,

vs.

J. CHRISTOPHER CAPITAL, LLC,
CHRISTOPHER BURCH, and
EDWARD WELSH,

        Defendants.

No. 12 CV 3627 (KPF)

**STIPULATED ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL DISCOVERY**

    WHEREAS, during discovery proceeding in the above-captioned civil action, the Plaintiff, Jamie Ardigo, and the Defendants, J. Christopher Capital, LLC and Edward Welsh, (each a "Party," and collectively, "the Parties") recognize that the Parties may produce information and documents that contain confidential or proprietary information; and

    WHEREAS, the Parties wish to protect any confidential or proprietary information contained in documents to be exchanged, and the Parties having consented thereto:

    THE FOLLOWING IS AGREED by the Parties:

    1.  This Order imposes restrictions upon who may receive information produced or disclosed by the Parties during the course of this litigation that is designated by any Party as "Confidential" (hereafter referred to as "Confidential Information").

    2.  This Confidentiality Order shall govern all materials deemed to be Confidential Information. Such Confidential Information shall be limited to documents containing proprietary or sensitive business information and documents containing sensitive personal information, including personnel files and employee records.

3. To designate information "Confidential," the designating Party must so label or mark it with an appropriate legend or in the case of a deposition transcript, designate it as provided in paragraph 9.

4. Any document or information produced by a Party that is designated and stamped "Confidential" shall be treated as provided in this Order, unless ordered otherwise by the Court.

5. The Confidential Information produced subject to this Confidentiality Order shall be used solely for the purposes of this action. The Parties may amend this provision through written agreement signed by counsel for the Parties to include more actions in the future.

6. Confidential Information may only be disclosed to:

(a) The Parties;

(b) Outside and in-house counsel for the Parties charged with the responsibility for and actively engaged in the preparation of this litigation;

(c) Office personnel working under the direct supervision of counsel;

(d) Officers, employees, clerical or other support staff who are employed by the Parties and are actually involved in assisting in the litigation;

(e) Outside experts or consultants retained for purposes of this litigation, provided that no disclosure shall occur until each such expert or consultant has agreed to be bound by the terms of this Confidentiality Order and has so indicated by executing an undertaking in the form of Exhibit A; the original executed undertaking shall be maintained by counsel for the Party that retained the consultant or expert;

(f) The Court, court officials, or other court employees (including court reporters) in this litigation;

(g) Independent copying services and other independent litigation support services retained for purposes of this litigation, provided that no disclosure shall occur until any such service agrees to be bound by the terms of this Confidentiality Order, and has so indicated by executing an undertaking in the form of Exhibit A - the original executed undertaking shall be maintained by counsel for the Party retaining the services; and

(h) Anyone so authorized by the prior written consent of the Party designating the information as Confidential.

7. All materials designated "Confidential" received by a Party shall be retained at the offices and under the direct control of the Party's counsel (except for those materials disclosed to outside experts or consultants, or to Defendant's in-house counsel, as provided by this Confidentiality Order), who shall use their best efforts to prevent disclosure thereof, except in strict accordance with the terms of this Confidentiality Order.

8. Subject to the following restrictions, a Party may utilize Confidential Information in the course of examining a witness during a deposition:

(i) During the deposition of any expert retained to testify on behalf of a Party in this litigation, the Party conducting the deposition may utilize Confidential Information, provided that the witness, prior to the utilization of such information, executes an undertaking in the form of Exhibit A.

    (j)    During the deposition of any non-expert witness, a witness may be shown a document in which the witness is identified as a signatory, author, addressee, or recipient of a copy.

    (k)    A Party's use of its own Confidential Information during a deposition shall not standing alone constitute a waiver of the confidentiality of that information.

9. When testimony is to be elicited during a deposition that is, or is likely to be, Confidential Information, persons not entitled to receive such information under the terms of this Confidentiality Order shall be excluded from the deposition. Deposition transcripts, or portions thereof, containing Confidential Information shall be so designated in writing no later than thirty (30) days following receipt of the final transcript from the reporter. Prior to such written designations, the entire deposition transcript shall be considered to have been designated as Confidential Information. Following the written designation, those portions of the deposition transcript containing Confidential Information shall be bound separately from those portions that do not contain Confidential Information and shall be marked with the following legend:

> THIS TRANSCRIPT CONTAINS MATERIALS WHICH
> ARE CLAIMED TO BE CONFIDENTIAL BY COUNSEL
> AND COVERED BY A STIPULATED
> CONFIDENTIALITY ORDER

Each court reporter participating in any such deposition shall agree to be bound by the terms of this Confidentiality Order.

10. If any Party disputes whether a document or information is properly designated as Confidential Information, the Parties agree to attempt to resolve such dispute among themselves. The Party who disputes the designation shall provide its

reason(s) in writing to the producing Party. The producing Party shall then respond in writing with its reason(s) for its designation. The Parties will then confer, at a time and in a manner mutually agreeable, and make reasonable efforts to resolve their differences. In the event the Parties are not able to resolve the dispute, the Party who disputes the confidentiality designation shall file a motion with the Court to resolve the dispute. The Party designating the material as Confidential shall bear the burden to demonstrate that the designation of materials as Confidential was proper.

11. With respect to the discovery from a third-party, such third-party may designate as Confidential any information disclosed by that party containing Confidential Information. With respect to such information, such third party shall have the rights and privileges of a Party producing information pursuant to this Confidentiality Order.

12. In the event any Party receiving Confidential Information covered by this Confidentiality Order discovers that any such information has been disclosed to any person not entitled under this Confidentiality Order to receive such information, the Party, upon discovering the unauthorized disclosure, shall immediately (a) inform the other Party of the circumstances of the disclosure; (b) inform the receiving person or entity of the existence in terms of this Confidentiality Order; (c) make its best efforts to retrieve any unauthorized disclosed documents or materials; and (d) make its best efforts to obtain an undertaking in the form of Exhibit A from the person who was not entitled to receive such information. Such unauthorized disclosure shall not cause the disclosed information to lose its confidential status.

13. Other than as specifically provided for in this Confidentiality Order, this Confidentiality Order does not affect any legal right or privilege related to the documents and information subject to this Confidentiality Order. Nothing in this Confidentiality

Order shall be construed as a waiver by any Party of the right to object to the subject matter of any request for discovery in this action.  The execution of this Confidentiality Order shall not be construed as an agreement by any Party to produce any documents or provide any information, and shall not constitute an admission by any Party that any document or information which may exist is relevant in any way to the issues raised in this action; nor shall the execution of this Agreement be construed as a waiver by any Party of any privilege or immunity with respect to any document or information.

      14. A Party's inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of any Party's or any non-party's claim of confidentiality as to the specific information disclosed or as to other information relating to the same subject matter.

      15. Conclusion of Litigation.  Within sixty (60) days of the conclusion of this litigation by settlement or final judgment, including exhaustion of all appeals, counsel shall secure the return of Confidential Information (and all copies thereof and notes, abstracts or summaries made therefrom) from all persons to whom such materials were disclosed under the terms of this Confidentiality Order, shall destroy all such materials (including Confidential Information already in the possession of counsel of record) and notify opposing counsel that they have been destroyed.  Counsel may retain their work product, copies of court filings, and official transcripts and exhibits, provided said retained documents are kept confidential and will, along with the information contained therein, continue to be treated as provided herein.  All documents retained by counsel shall continue to be subject to this Confidentiality Order after the termination of this

action. The provisions of this Confidentiality Order shall not terminate upon the conclusion of this action, and the Court will retain jurisdiction to enforce it.

16. Nothing in this Confidentiality Order shall prevent or restrict a Party, its agents, or its employees from using its own documents and its own Confidential Information in its sole and complete discretion.

17. Any Party or person receiving Confidential Information covered by this Order that receives a request or subpoena for production or disclosure of the Confidential Information shall immediately give written notice to the Party who designated the information as Confidential Information ("the Designating Party") and to its counsel, identifying the information sought and enclosing a copy of the subpoena or request.  The person subject to the subpoena or other request shall not produce or disclose the requested Confidential Information without consent of the Designating Party unless:  (a) the Designating Party fails to seek relief from the subpoena or request in a timely manner; or (b) notwithstanding the Designating Party's request for relief, production, or disclosure is ordered by a court of competent jurisdiction.

18. This Confidentiality Order shall not prevent a Party from applying to the Court for relief therefrom or from applying to the Court for further or additional protective orders.

19. This Confidentiality Order shall bind the Parties hereto in contract, which contract shall survive this litigation.


By their signatures hereto, counsel for the Parties hereby affirm that they have been authorized by their clients to enter into this Confidentiality Order and agree, on behalf of themselves, their law firms, and any staff or contract support personnel employed or retained by their firms, that they will strictly adhere to the terms of this Order.

Dated: September 12, 2013
New York, New York

**The Harman Firm, P.C.**

By: _____
Walker G. Harman, Jr.
Peter J. Andrews

200 West 57th Street
Suite 900
New York NY 10019
Tel: (212) 425-2600
Fax: (212) 202-3926
wharman@theharmanfirm.com
pandrews@theharmanfirm.com

*Attorneys for Plaintiff*

**Dentons US LLP**

By: _____
Brian S. Cousin
Jonathan Evan Goldberg
Lauren Perlgut

1221 Avenue of the Americas
New York, New York 10021
Tel: (212) 768-6700
Fax: (212) 768-6800
brian.cousin@dentons.com
jonathan.goldberg@dentons.com
lauren.perlgut@dentons.com

*Attorneys for Defendants*

SO ORDERED:

_____
The Honorable Katherine Polk Failla
United States District Judge

Dated: September 20, 2013
New York, New York

This Confidentiality Order does not bind the Court or Court personnel.

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMIE ARDIGO,<br><br>   Plaintiff,<br> vs.<br><br>J. CHRISTOPHER CAPITAL, LLC,<br>CHRISTOPHER BURCH, and<br>EDWARD WELSH,<br><br>   Defendants. | No. 12 CV 3627 (KPF)<br><br>**ACKNOWLEDGEMENT OF**<br>**CONFIDENTIALITY ORDER** |

   The undersigned acknowledges that (s)he has received a copy of the Confidentiality Order in this action signed by the Court in the above-captioned matter. The undersigned acknowledges that (s)he has read and understands the provisions of the Confidentiality Order and will comply with all the provisions of the Confidentiality Order.

   Name: _____

   Signature: _____

   Date: _____