

|  |  |  |
|---|---|---|
| **Brian S. Cousin**<br>Partner | brian.cousin@dentons.com<br>D  +1 212 398 5776<br><br>Dentons US LLP<br>1221 Avenue of the Americas<br>New York, NY 10020-1089 USA<br><br>T  +1 212 768 6700<br>F  +1 212 768 6800 | **Salans FMC SNR Denton**<br>dentons.com |

October 4, 2013

**BY ECF**

Hon. Katherine Polk Failla
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007

Re:   *Ardigo v. J. Christopher Capital, LLC et al*, 12-cv-3627 (KPF)

Dear Judge Failla:

      We represent Defendants J. Christopher Capital, LLC ("JCC") and Edward Welsh ("Welsh") in the above-captioned matter.  Pursuant to Your Honor's Individual Rules of Practice Rule 2(C), I am writing to request an informal conference relating to a discovery dispute. Defendants would like to move for a protective order under Fed. R. Civ. P. 26(c) to quash or, alternatively, limit the scope and manner of the deposition of Christopher Burch ("Burch"), the CEO of JCC and a resident of Florida.  Currently, Burch's deposition is noticed  for October 23, 2013 in New York City.[1]  The parties have met and conferred in good faith and have not been able to resolve the dispute.

### I.    Christopher Burch is Not Alleged to Have Participated in Retaliation Against Plaintiff, the Sole Remaining Claim in This Action

      Plaintiff originally brought this action against JCC, Welsh and Burch, asserting claims of employment discrimination, a hostile work environment and retaliation under the New York City Human Rights Law.  Plaintiff, a gay man, alleged that he overheard three statements which contained the word "gay" and that his supervisor Welsh terminated him in retaliation for complaining about the three statements.

      On March 25, 2013, this Court entered a Memorandum Opinion and Order dismissing the discrimination and hostile work environment claims, and dismissing all claims against Burch. This Court found: "[a]t most. . .the Amended Complaint alleges that, over a period of several months, Ardigo overheard three mildly offensive statements.. . . .this is not sufficient, under *Iqbal* and *Twombly*, to state a plausible hostile work environment claim under the NYCHRL." March 25, 2013 Order at 8 (Furman, J.).

      Thus, the only claims that remain are a retaliation claim against JCC and an aiding-and-abetting claim against Welsh.  *Id*., April 3, 2013 Order (Furman, J.).  Plaintiff does not allege that Burch took any retaliatory actions against him or had any role in his termination.  As this

---

[1] On August 2nd, Plaintiff's counsel insisted that he was not willing to travel to Florida to depose Burch, and that Burch must be made available to him in New York City.

 Hon. Katherine Polk Failla
Page 2

Salans FMC SNR Denton
dentons.com

Court found, "***Burch is not alleged to have had anything to do with the retaliation***." March 25, 2013 Oder at 11 (Furman, J.) (emphasis added).  At his deposition, Ardigo confirmed that he did not work directly with Burch, did not even work in the same office location as Burch, had not e-mailed Burch, received no feedback from Burch, and had only met him briefly a handful of times. (Tr. 124:17-128:9).  Moreover, Defendants submit herewith a declaration signed by Mr. Welsh in which he confirms that Burch did not participate in the decision to terminate Plaintiff.

**II.    Burch Can Thus Provide Little Relevant Testimony, if Any**

The only allegation in the Amended Complaint concerning Burch is that he made two of the "mildly offensive" statements in question: on two occasions, he allegedly stated that he only hired "gay men" because they're "productive" and he trusted them. Amd. Cmplt. ¶ 14.  In their response to Plaintiff's Requests for Admission, Defendants have **admitted** for purposes of this litigation that Burch made this statement, in words or substance, on the two occasions alleged.

Even more significantly, Ardigo testified that he did not believe Burch's comments were "illegal," which is fatal to any retaliation claim based on those comments. *See* Tr. 158:23-159:19 ("by being discriminatory in nature, they were, I don't want to say illegal, but there were legal -- could potentially be legal ramifications.").  A retaliation claim under the New York City Human Rights Act requires the plaintiff to demonstrate that he possessed an objectively reasonable belief that the acts he complained of were unlawful. *Fattoruso v. Hilton Grand Vacations Co.*, 873 F.Supp.2d 569, 581 (S.D.N.Y. 2012), *aff'd.*, 2013 WL 2123088 (2d Cir. May 17, 2013).

**III.   The Parties Met and Conferred**

After Defendants objected to the notice of deposition directed to Burch, the parties conferred multiple times.  On July 15, 2013, Plaintiff's counsel represented that he wanted to take the deposition of Burch to seek information about (1) the two statements allegedly made by Burch discussed above and (2) whether Burch played any role in the decision to terminate the Plaintiff (although there are no allegations that he did, as this Court has found).  Defendants' counsel offered to withdraw the objection to the deposition if Plaintiff agreed to limit the deposition of Burch to these two topic areas.  By letter dated July 29, 2013, as confirmed on August 2, 2013 by telephone, Plaintiff's counsel did not agree.

**IV.    To the Extent Burch Has Relevant Information, there are Less Burdensome Means to Gather that Information**

Burch is the Chairman and CEO of a firm with offices in New York City and Shanghai that manages venture investments and brand development.  He oversees 726 employees in his direct development ventures and is active in more than another dozen portfolio companies which encompass several hundred employees.  In this capacity, his schedule also requires frequent international travel taking him far from his Florida home or the New York offices of JCC.

Courts in this circuit have quashed or limited the depositions of high-ranking corporate officials in similar situations, particularly where the officials were not New York residents, as is the case here.  For example, In *Guan Ming Lin v. Benihana Nat. Corp.*, the court entered a protective order quashing the deposition of Richard Stockington, the CEO of the defendant



Hon. Katherine Polk Failla
Page 3

Salans FMC SNR Denton
dentons.com

corporation and a Miami resident, in an employment action brought under the Fair Labor Standards Act.  10 CIV. 1335 (VM) (JCF), 2010 WL 4007282 (S.D.N.Y. Oct. 5, 2010).  The court found that there was a significant risk of harassment of a corporate executive, which far outweighed the value of the testimony sought.  *Id.*; s*ee also Harris v. Computer Associates Intern., Inc*., 204 F.R.D. 44, 47 (E.D.N.Y. 2001) (finding that  the burden and expense of deposing the CEO Wang  outweighed any potential benefit); *Consol. Rail Corp. v. Primary Indus. Corp*., 92 CIV. 4927 (PNL), 1993 WL 364471 (S.D.N.Y. Sept. 10, 1993) (deferring the live depositions of three named executives until the plaintiff could demonstrate they "have some unique knowledge pertinent to the issues in these cases").

   Similarly, in *Reif v. CNA*, 248 F.R.D. 448 (E.D. Pa. 2008), the plaintiffs, in connection with their claims of age discrimination, moved to compel the deposition of the CEO of the defendant corporation who was alleged to have made an "ageist" statement during a quarterly corporate meeting.  The court denied the motion, finding that the same information could be gathered from less obtrusive discovery, including interrogatories and the corporate designee deposition.  The court in *Reif* found significant that the CEO had no direct involvement with the plaintiffs and that other deposition testimony revealed no correlation between the alleged ageist statement and the decision to terminate the plaintiff. *Id.* at 453.  The court in *Reif* also rejected the plaintiffs' argument that they needed the CEO's deposition in order to explore the corporate culture of the company.  *Id*.  In reaching its decision, the court in *Reif* noted that "'the oral deposition of a high level corporate executive should not be freely granted when the subject of the deposition will be only remotely relevant to the issues of the case.'"  *Id.* at 453 (quoting *Evans v. Allstate Insurance Company*, 216 F.R.D. 515, 519 (N.D.Okla. 2003)).

   Courts in this district have also found that, given the risk of harassment and the significant burden to high-ranking officials resulting from live depositions, that deposition by a limited number of written questions, pursuant to Fed. R. Civ. P. 31, would be more appropriate than an oral deposition.  *See, e.g., Retail Brand Alliance, Inc. v. Factory Mut. Ins. Co*., 05 CIV. 1031(RJH)(HBP), 2008 WL 622810 (S.D.N.Y. Mar. 7, 2008) (restricting deposition of high ranking executive to 25 written questions concerning the claims and defenses in the action); *Bouchard v. New York Archdiocese*, 04CIV.9978 (CSH)(HBP), 2007 WL 2728666 (S.D.N.Y. Sept. 19, 2007), order aff'd and remanded, 04 CIV. 9978 (CSH)(HBP), 2007 WL 4563492 (S.D.N.Y. Dec. 18, 2007) ("Plaintiff may serve up to 25 questions on Cardinal Egan concerning the claims and defenses in this matter.").  At a minimum, such restrictions and limitations are appropriate here.

V.  **Conclusion**

   Accordingly, given (1) Burch's minimal interaction with the Plaintiff, (2) Burch's admission with respect to the alleged statements, (3) Burch's high position in the company, (4) Burch's residence in Florida, and (5) the lack of other evidence suggesting that Burch was involved in the decision to terminate the Plaintiff, Defendants respectfully seek to move for a protective order  quashing the deposition entirely, or, alternatively, restricting Burch's deposition to  written questions related to the two topics identified by the Plaintiff's counsel, pursuant to Fed. R. Civ. P. 31.

Case 1:12-cv-03627-KPF   Document 48   Filed 10/04/13   Page 4 of 7



Hon. Katherine Polk Failla
Page 4

**Salans FMC SNR Denton**
dentons.com

Respectfully Submitted,

Brian S. Cousin

cc: Peter J. Andrews, Esq.
Jonathan Evan Goldberg, Esq.
Walker G. Harman, Jr., Esq.
Lauren Perlgut, Esq.

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMIE ARDIGO,<br><br>   Plaintiff,<br>vs.<br><br>J. CHRISTOPHER CAPITAL, LLC,<br>CHRISTOPHER BURCH, and<br>EDWARD WELSH,<br><br>   Defendants. | No. 12 CV 3627 (KPF) |

## DECLARATION OF EDWARD WELSH

**EDWARD WELSH**, declares as follows:

1. I am the Senior Vice President of Human Resources of Burch Creative Capital, LLC, which is a d/b/a for J. Christopher Capital, LLC ("JCC"), a defendant in the above-captioned action. I make this declaration to place certain information before the court. I have personal knowledge over the facts set forth below.

2. As the Vice President of Human Resources during the time that Plaintiff Jamie Ardigo ("Ardigo") was employed by JCC (November 14, 2011 through February 7, 2012), I supervised his work as the Director of Field Human Resources.

3. As his direct supervisor, I was responsible for supervising Ardigo's performance and providing him with feedback regarding that performance.

4. As the Vice President of Human Resources and Ardigo's direct supervisor, I had the authority to terminate Ardigo. On February 7, 2012, I exercised that authority, and terminated the employment of Jamie Ardigo, with the knowledge of Brian

Carden, the Managing Director of JCC.

5. I did not discuss my decision to terminate the employment of Ardigo with JCC's CEO Christopher Burch until after the termination had been completed.

Executed this 3rd Day of October 2013 in New York, New York

Edward Welsh

2