**THE HARMAN FIRM, PC**
ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019
TELEPHONE 212 425 2600    FAX 212 202 3926
WWW.THEHARMANFIRM.COM

October 9, 2013

**VIA ECF**
Hon. Katherine Polk Failla
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2103
New York, New York 10007

  Re: *Ardigo v. J. Christopher Cap.*, 12 CV 3627 (KPF)(HBP)

Dear Judge Failla:

  We represent Plaintiff Jamie Ardigo in the above-captioned matter. Pursuant to Rule 2(C) of Your Honor's Individual Rules of Practice, we are writing to submit a responsive letter to Defendants' letter dated October 4, 2013, which seeks a protective order with respect to the deposition of Christopher Burch, the CEO of the corporate Defendant. The parties have met and conferred in good faith and have not been able to resolve the dispute.

  The deposition of Mr. Burch, which is noticed for October 23, 2013, is essential to discovery because Mr. Burch: (i) has relevant and unique information regarding this matter; (ii) would not be unduly burdened by the deposition; and (iii) was timely noticed of the long-scheduled and long-sought deposition.

  The scope of discovery is undisputedly broad. "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978). It is well settled that any party is entitled to depose any individual with potential to provide discoverable information to any of the claims—or defenses—in an action. Mr. Burch owns the corporate defendant and supervises the individual defendant. Furthermore and most importantly, Mr. Burch's workplace conduct is at the heart of this matter; his testimony is highly relevant and would provide unique testimony.

  **1. Christopher Burch has relevant and unique information**

    **a. Mr. Burch admitted to making discriminatory comments**

  Mr. Burch has information and first-hand knowledge regarding the action in the instant case. During meetings with the C. Wonder team, Mr. Burch stated, "I only hire gay men because they're productive and I trust them." Defendants do not dispute that Mr. Burch made those "mildly offensive" comments regarding gay men and admitted them in their letter to Your Honor dated October 4, 2013 that:

> On two occasions, [Mr. Burch] allegedly stated that he only hired "gay men" because they're "productive" and he trusted them. Amd. Cmplt. ¶ 14. In their

response to Plaintiff's Requests for Admission, Defendants have admitted for purposes of this litigation that Burch made this statement, in words or substance, on the two occasions alleged.

Defendants have attested that Mr. Burch has personal relevant knowledge by admitting that Mr. Burch made the offensive comments. However, it is not Defendants' prerogative to determine how relevant that information could be. It is therefore essential that Mr. Burch be deposed on October 23, 2013, with no restriction as to the scope of his deposition.

Moreover, Defendants cited *Retail Brand Alliance v. Factory Mut. Ins.* where an employer refuses to be deposed because of lack of personal knowledge and the risk of duplicative testimony. The decision states that, "[g]iven the fact that knowledge is frequently proved circumstantially, precluding all discovery of a highly placed executive based solely on his unchallenged denial of knowledge sets the bar for a protective order too low." *Retail Brand Alliance v. Factory Mut. Ins.*, 05 CV 1031 (RJH)(HBP), 2008 WL 622810 (S.D.N.Y. Mar. 7, 2008). Besides, "[e]ven where . . . a high-ranking corporate officer denies personal knowledge of the issues at hand, this 'claim . . . is subject to testing by the examining party.' " *Six W. Retail Acquisition v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 102 (S.D.N.Y. 2001) (quoting *Consol. Rail Corp. v. Primary Indus. Corp.*, 92 CV 4927 (PNL), 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993)). Mr. Burch therefore does not satisfy his burden of proving he lacks personal knowledge. To the contrary, Mr. Burch establishes the need for further investigation into the discriminatory comments that he proffered and to which he has admitted.

### a. Plaintiff's purported belief as to whether Mr. Burch's comments were unlawful is irrelevant

Defendants argue that Plaintiff was not aware of the illegality of the underlying statement that their letter cites.[1] However, the mere fact that Plaintiff did not purportedly know whether the said comments were legal is not sufficient to establish that Plaintiff's retaliation claim must fail. To be sure, Mr. Ardigo's testimony shows only that he is not a lawyer only shows that he is not an attorney. The companies run by Mr. Burch have a pattern of retaliating against employees who raise concerns about offensive and discriminatory comments in the workplace. Therefore, Mr. Burch's testimony is highly relevant from a factual standpoint. He has a history of illegal conduct and his discriminatory animus can be inferred from prior cases.

### 2. The deposition would not cause an undue burden

### a. Busy schedule does not preclude from being deposed

Under FED. R. CIV. P. 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Further,"[h]ighly-placed executives are not immune from discovery. The fact that [an executive] has a busy schedule is simply not a basis for foreclosing otherwise proper discovery." *Lin v. Benihana Nat'l Corp.*, 10 CV 1335 (VM)(JCF), 2010 WL 4007282 (S.D.N.Y. Oct. 5, 2010) (citations omitted). A highly placed executive's busy schedule cannot shield them from being

---

1. *I.e.*, "by being discriminatory in nature, they were, I don't want to say illegal, but there were legal—could potentially be legal ramifications."

deposed as long as sufficient evidence is presented showing that they has some unique knowledge on the relevant issues as Mr. Burch does.

Therefore, Mr. Burch cannot claim that he is immune from deposition because he is a CEO, or a Florida resident. His companies are in New York City and he is frequently here. The deposition is to take place in New York City, where his actions occurred.

### a. Defendants do not provide less burdensome options

In *Benihana*, which Defendants also cite, the head of the company attested that he had no personal knowledge and offered the testimony of other high-ranking executives based in New York. In this action however, Mr. Burch has crucial personal knowledge and offered no alternative by offering another witness's testimony. Indeed, that is not possible, his comments are at issue. It is therefore crucial that Mr. Burch be deposed on October 23, 2013 as noticed.

### 3. The deposition was timely requested and it was already scheduled

Defendants admit that Mr. Burch's deposition is already scheduled.[2] In *Harris v. Computer Associates Int'l*, 204 F.R.D. 44 (E.D.N.Y. 2001), cited by Defendants, the court found that the burden and expense of deposing the CEO of the company outweighed any potential benefit. However, in *Harris*, the deposition request was untimely and Plaintiffs were trying to extend discovery with the deposition. *Harris* is very different from the instant case where the deposition of Mr. Burch was noticed many months ago and is undisputedly scheduled for October 23, 2013.

As not only the owner of three (3) businesses, but an actual witness in this action, as admitted by Defendants, preventing Mr. Burch's deposition would be unprecedented. Mr. Burch has information and first-hand knowledge regarding the actions of which he is accused by a host of individuals, including but not limited to the Plaintiff. Mr. Burch is a witness to the factual issues at dispute in this action and must be deposed.

We thank the Court for its time and consideration.

Respectfully submitted,
THE HARMAN FIRM, PC


_____s/_____
Walker G. Harman, Jr.


cc:   Brian S. Cousin, Esq. (via ECF)
      Lauren B. Perlgut, Esq. (via ECF)
      Jonathan E. Goldberg, Esq. (via ECF)
      Jamie S. Ardigo (via email)

---

2. "Currently, Burch's deposition is noticed for October 23, 2013 in New York City." Defendants' letter at 1.